IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DERRICK D. JOHNSON,

    Plaintiff,

v.                                                                                          Civ. No. 24cv746 KK/SCY

GERALD LAVELLE, MONIQUE R.
DAVILA, and STATE OF NEW MEXICO
CHILD SUPPORT ENFORCEMENT
DIVISION 3,

    Defendants.

## ORDER TO SHOW CAUSE

THIS MATTER comes before the Court sua sponte. On July 22, 2024, Defendants Gerald Lavelle, Monique R. Davila, and State Of New Mexico Child Support Enforcement Division 3 removed this case from state court to federal court. Doc. 1. The Notice of Removal asserts federal question jurisdiction. *Id.* ¶¶ 4-5. Also on July 22, Defendants filed a motion to dismiss for failure to state a claim. Doc. 2. Plaintiff is proceeding pro se.

"Federal subject matter jurisdiction is elemental. It cannot be consented to or waived, and its presence must be established in every cause under review in the federal courts." *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1022 (10th Cir. 2012). It is the court's duty to address an apparent lack of jurisdiction sua sponte. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th Cir. 1988). "The party invoking federal jurisdiction has the burden to establish that it is proper . . . ." *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014).

The pro se complaint lacks a statement of the causes of action. As the motion to dismiss summarizes, "Plaintiff's claims arise from a 2014 domestic relations case. It appears that Plaintiff is challenging the custody and child support decisions of the judge presiding over his case, the Honorable Gerald Lavelle." Doc. 2 at 1. The Notice of Removal correctly points out

that the complaint contains this sentence (repeated on two different pages): "Judge Lavelle violated my 14th amendment right, denying me due process." Doc. 1-1 at 5, 6. There are also references in the complaint to emotional distress and defamation. Doc. 2 at 1; *see, e.g.*, Doc. 1-1 at 6, 7. Plaintiff seeks $500,000 in money damages. Doc. 1-1 at 1.

The Court agrees with the Defendants' interpretation that this complaint challenges Judge Lavelle's child custody and child support orders. *E.g.*, Doc. 1-1 at 5-6 ("I was never given a fair chance to be a father by the courts. . . . I was ordered to pay child support but wasn't allowed to see them. Judge Lavelle was bias by his actions. He took my kids totally away from me. I should have been given at least two days out of the week with them unsupervised." [sic]).

However, as such, the Court lacks jurisdiction over Plaintiff's claim under the *Rooker-Feldman* doctrine.

> [T]he *Rooker-Feldman* doctrine prohibits a lower federal court from considering claims actually decided by a state court, and claims inextricably intertwined with a prior state-court judgment. In other words, *Rooker-Feldman* precludes a party losing in state court from seeking what in substance would be appellate review of a state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.

*Kenmen Eng'g v. City of Union*, 314 F.3d 468, 473 (10th Cir. 2002) (cleaned up). "The *Rooker-Feldman* doctrine is a jurisdictional prohibition." *Pittsburg County Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 705 (10th Cir. 2004) (en banc).

The Tenth Circuit has repeatedly applied the *Rooker-Feldman* doctrine to bar review of domestic-relations state-court judgements. *Atkinson-Bird v. Utah, Div. of Child & Fam. Servs.*, 92 F. App'x 645, 647 (10th Cir. 2004); *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010); *Alfaro v. Cnty. of Arapahoe*, 766 F. App'x 657, 660-61 (10th Cir. 2019); *Leonoff v. Oklahoma*, 60 F. App'x 233, 235 (10th Cir. 2003); *Shophar v. United States*, 838 F. App'x 328, 333 (10th Cir. 2020). The Tenth Circuit has also used a hypothetical child-custody decision to

2

explain when a complaint challenges a state-court decision and when it does not:

> To illustrate, say a father was deprived of custody of his child by a state-court judgment. If he files suit in federal court, seeking to invalidate the state-court judgment on the ground that the state-court proceedings deprived him of due process or that the judgment was otherwise contrary to federal law, his suit would be barred by *Rooker-Feldman* . . . If, however, the father simply brought suit in federal court seeking custody of his child, without raising any complaint about the state-court proceedings, *Rooker-Feldman* cannot be invoked; his federal claim would have been the same even in the absence of the state-court judgment. A myriad of doctrines, including res judicata, would almost certainly bar the suit. But because he is not seeking to overturn a state-court judgment, *Rooker-Feldman* is inapplicable . . . .

*Bolden v. City of Topeka*, 441 F.3d 1129, 1145 (10th Cir. 2006).

Here, the pro se complaint challenges Judge Lavelle's decisions on the basis of due process and thus seeks to overturn them; it does not appear to be merely seeking custody of Plaintiff's children. Indeed, in their motion to dismiss, Defendants have recognized as much. Doc. 2 at 1. Therefore, it appears the federal court lacks jurisdiction over the complaint.

THEREFORE, IT IS ORDERED THAT Defendants shall show cause in writing no later than **August 23, 2024** as to why this Court has federal-question jurisdiction in light of the legal principles set forth above. Alternatively, Defendants may file a motion to remand the case to state court. Failure to respond to this order may result in the case being remanded to state court without further notice.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE