## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DERRICK D. JOHNSON,

        Plaintiff,

vs.                                         No. CIV 24-0746 JB/SCY

GERALD LAVELLE, MONIQUE R. DAVILA,
and STATE OF NEW MEXICO CHILD SUPPORT
ENFORCEMENT DIVISION 3,

        Defendants.

### MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDATION

This matter comes before the Court on the Magistrate Judge Proposed Findings And Recommended Disposition, filed September 9, 2024 (Doc. 14)("PFRD").  In the PFRD, the Honorable Steven C. Yarbrough, United States Magistrate Judge for the United States District Court for the District of New Mexico, recommends that the Court grant the unopposed Motion to Remand, filed July 25, 2024 (Doc. 5).  See PFRD at 1.  Magistrate Judge Yarbrough notified the parties that they have fourteen days from service of the PFRD to file any objections, timely or other.  See PFRD at 2.  The parties have not filed any objections, thereby waiving their right to review of the proposed disposition.  See United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, Known As: 2121 East 30th Street, Tulsa, Okla., 73 F.3d 1057, 1060 (10th Cir. 1996)("One Parcel").  Upon review, the Court (i) concludes that the PFRD is not clearly erroneous, arbitrary, contrary to law, or an abuse of discretion; and (ii) adopts the PFRD.

**LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND**
**RECOMMENDATIONS**

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition.  See Fed. R. Civ. P. (b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement.").  Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Finally, when resolving objections to a Magistrate Judge's proposal, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C) (2012).  "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." One Parcel, 73 F.3d at 1059 (quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit notes, "the filing of objections advances the interests that underlie the Magistrate's Act,[1] including judicial efficiency."  One

---

[1]Congress enacted the Federal Magistrates Act, 28 U.S.C. §§ 631-39, in 1968.

<u>Parcel</u>, 73 F.3d at 1059 (first citing <u>Niehaus v. Kansas Bar Ass'n</u>, 793 F.2d 1159, 1165 (10th Cir. 1986); and then citing <u>United States v. Walters</u>, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit holds "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." <u>One Parcel</u>, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, [has] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" <u>One Parcel</u>, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." <u>One Parcel</u>, 73 F.3d at 1060.

In <u>One Parcel</u>, the Tenth Circuit, in accord with other Courts of Appeals, expanded the waiver rule to cover objections that are timely but too general. <u>See One Parcel</u>, 73 F.3d at 1060. The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- notes:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. <u>See</u> S. Rep. No. 94-625, pp. 9-10 (1976)(hereinafter Senate Report); H.R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereinafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here

a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975) (emphasis added) (hereinafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. See id., at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order."). The Judicial Conference of the United States, which supported the de novo standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(C)), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (footnotes omitted). The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)(first citing Small v. Secretary, HHS, 892 F.2d 15, 16 (2nd Cir. 1989); then citing United States v. Valencia-Copete, 792 F.2d 4, 7 (1st Cir. 1986); and then citing Wright v. Collins, 766 F.2d 841, 846-47 (4th Cir. 1985))("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations."). Cf. Thomas v. Arn, 474 U.S. at 154 ("Any party that desires plenary consideration by the Article III judge of any issue need only ask. [A failure to object] does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard"). In One Parcel, the

Tenth Circuit notes that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit holds that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule.  See One Parcel. 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).

In addition to requiring specificity in objections, the Tenth Circuit states that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).  See United States v. Garfinkle, 261 F.3d 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  In an unpublished opinion, the Tenth Circuit states, "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007).

Where a party files timely and specific objections to the Magistrate Judge's proposed findings and recommendation, "on [] dispositive motions, the statute calls for a de novo determination, not a de novo hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980).  The Tenth Circuit states that a de novo determination pursuant to 28 U.S.C. § 636(b) "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995).  The Supreme Court notes that, although a district court must make a de novo determination of the recommendations under 28 U.S.C. § 636(b)(1) to which a party objects, the district court is not precluded from relying on the Magistrate Judge's proposed findings and recommendations.  See United States v. Raddatz,

447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.")(quoting 28 U.S.C. § 636(b)(1)); Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla., 8 F.3d 722, 724-25 (10th Cir. 1993)(holding that the district court's adoption of the magistrate judge's "particular reasonable-hour estimates" is consistent with a de novo determination, because "the district court 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate' . . . [as] 'Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.'")(quoting 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. at 676)(emphasis omitted)).

Where no party objects to the Magistrate Judge's PFRD, the Court has reviewed, as a matter of course in the past and in the interests of justice, the Magistrate Judge's recommendations. In Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401 (D.N.M. Dec. 28, 2012)(Browning, J.), where the plaintiff fails to respond to the Magistrate Judge's PFRD, although the Court determines that the plaintiff "has waived his opportunity for the Court to conduct review of the factual and legal findings in the [PFRD]," the Court nevertheless conducts such a review. 2012 WL 6846401, at *3.  The Court generally does not, however, review the Magistrate Judge's proposed findings and recommended disposition de novo, nor independently determine necessarily what it would do if the issues had come before the Court first, but rather adopts the PFRD where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, [obviously] contrary to law, or an abuse of discretion."  Workheiser v. City of Clovis, 2012 WL 6846401, at *3.  This review, which is deferential to the Magistrate Judge's work when

there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the intent of the waiver rule than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate.  See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.").  The Court is reluctant to have no review at all if its name is going to go at the bottom of the order adopting the Magistrate Judge's proposed findings and recommendations.

## ANALYSIS

The Court has carefully reviewed the PFRD.  The Court did not review the PFRD de novo, because the parties have not objected to it, but rather reviewed Magistrate Judge Robbenhaar's PFRD to determine if it is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  The Court concludes that the PFRD is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  Accordingly, the Court adopts the PFRD.

**IT IS ORDERED** that: (i) the Magistrate Judge Yarbrough's Proposed Findings and Recommended Disposition, filed September 9, 2024 (Doc. 14) is adopted; and (ii) this case is remanded to the County of Bernalillo, Second Judicial District Court, State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Derrick D. Johnson

    *Plaintiff, pro se*

John K. Ziegler
Conklin, Woodcock & Ziegler, P.C.
Albuquerque, New Mexico

> *Attorney for Defendants Gerald Lavelle, Monique R. Davila, and State of New Mexico Child Support Enforcement*